CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
1/30/2019
JULIA C. DUDLEY, CLERK
BY: s/ C. Amos
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | Civil Action No. 6:15-cr-00005-1 |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| **ROBERT SCOTT MATTINGLEY,** | ) | |
| Petitioner. | ) | By: Norman K. Moon |
| | ) | United States District Judge |

Robert Scott Mattingley, a prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. (Dkt. 101). The matters before the Court are Mattingley's motion to voluntarily withdraw this action, (dkt. 112), Mattingley's motion for recusal, (dkt. 99), Respondent's motion for waiver of attorney-client privilege, (dkt. 113), and Respondent's motion for an extension of time to file a response to Mattingley's petition, (dkt. 115).

I. BACKGROUND

On December 1, 2016, Mattingley pled guilty to one count of securities fraud pursuant to 15 U.S.C. § 77q(a). (Dkt. 56). As part of his plea agreement, Mattingley waived his right to collaterally attack his conviction. (Dkt. 55 at 8). On November 7, 2018, Mattingley filed a § 2255 petition. (Dkt. 101). He raised four grounds for relief: (1) forcing him to serve his sentence in prison violates the Eighth Amendment;[1] (2) ineffective assistance of counsel; (3) judicial bias; and (4) prosecutorial misconduct. Mattingley also filed a motion for recusal, (dkt. 99), and Respondent filed a motion for waiver of attorney-client privilege, (dkt. 113), as well as a motion for an extension of time to file a response to Mattingley's petition. (Dkt. 115).

Meanwhile, Mattingley has filed three letters addressed to two different federal judges in this district. (Dkts. 109, 110, 112). In the letters, Mattingley informs the judges that his only

---

[1] Mattingley is a double amputee and he alleges that he receives insufficient medical care in prison.

1

request is to be allowed to serve the remainder of his sentence in home confinement. In his second letter of December 26, 2018, addressed to U.S. Magistrate Judge Hoppe, Mattingley states: "All I am asking for is to finish my sentence on home confinement to get the medical care I had prior to my incarceration." (Dkt. 110 at 3). In his latest letter of January 14, 2019, addressed to Chief Judge Urbanski, Mattingley states that if his sentence cannot be "changed or redone to home confinement," he "request[s] [his] 2255 to be withdrawn." (Dkt. 112 at 1).

## II. ANALYSIS

### A. Voluntary Dismissal

I construe Mattingley's most recent letter, (dkt. 112), as a motion to voluntarily withdraw his petition pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Rule 41(a)(1)(A)(i) allows a litigant to voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer or motion for summary judgment. Here, Respondent has not filed an answer or motion for summary judgment. Therefore, I will grant the motion to voluntarily withdraw the petition and will dismiss the petition without prejudice.

### B. Availability of § 2255 Remedy

With respect to Mattingley's request for transfer to home confinement, such relief is outside the confines of § 2255. Generally, a court may only grant relief under § 2255 if it finds a lack of jurisdiction, constitutional error, or a fundamental error of law. *See United States v. Addonizio*, 442 U.S. 178, 184–85 (1979). A fundamental error of law "does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* at 185. As a threshold matter, sentencing errors are not cognizable in § 2255 proceedings absent "extraordinary circumstances." *United States v. Pregent*, 190 F.3d 279, 284 (4th Cir. 1999).

Mattingley asserts that he should be permitted to serve the remainder of his term of imprisonment in home confinement because of his medical needs. By his own acknowledgment, he does not seek to challenge the constitutionality, legality, or duration of his sentence or raise any other fundamental error in his proceedings. Rather, Mattingley seeks only to alter the location of his confinement.[2] (*See, e.g.,* dkt. 109 at 2 ("On my 2255 all I am asking for is home confinement to finish my sentence . . . I am not asking for anything else . . . .")). Thus, Mattingley's claim does not fall within any of the grounds for relief enumerated in § 2255.[3]

### C. Alternate Ground for Relief

Even if I construe Mattingley's letters and § 2255 motion as a motion to modify his sentence pursuant to 18 U.S.C. § 3582, I am still unable to grant relief.

A request to modify a sentence to home confinement is governed by 18 U.S.C. § 3582(c)(1)(B), which allows modification of a sentence "to the extent otherwise expressly permitted by statute." *United States v. Clark*, 8 F. Supp. 2d 560, 561 (W.D. Va. 1998). Federal law provides that a "sentence cannot be modified once imposed" except under very limited circumstances. *United States v. Cardosa*, 606 F.3d 16, 19 (1st Cir. 2010) (citation omitted); *see Clark*, 8 F. Supp. 2d at 561. Those "extremely narrow" circumstances are: "(1) upon motion of the Director of the Bureau of Prisons; (2) as permitted by statute or Federal Rule of Criminal Procedure 35 ('Rule 35'); (3) where the relevant sentencing guidelines have changed since [the] sentence was imposed." *Clark*, 8 F. Supp. 2d at 561 (quoting 18 U.S.C. § 3582(c)(1)(A), (1)(B), and (2)). *See also In re Morris*, 345 F. App'x 796, 797 (3d Cir. 2009).

---

[2] Although Mattingley appears to base his claim on the Eighth Amendment, (dkt. 112 at 1 ("Sentencing me to prison is cruel & unusual punishment under the 8th Amendment.")), he merely requests a change in location. (*Id.* (requesting only to have his sentence "changed or redone to home confinement")).

[3] Mattingley also waived his right to collaterally attack this matter in the plea agreement. (Dkt. 55).

None of these exceptions apply here. The Court has not received a motion from the Director of the Bureau of Prisons, relief is unavailable under Rule of Criminal Procedure 35 because more than fourteen days have passed after sentencing, and the sentencing range applicable to Mattingley has not changed since his sentence was imposed. Therefore, I would not have the authority to grant the relief requested even if I construed Mattingley's petition and letters as a motion to modify his sentence pursuant to 18 U.S.C. § 3582.

### III. CONCLUSION

For the foregoing reasons, I will grant Mattingley's motion to voluntarily dismiss his § 2255 petition, (dkt. 101), without prejudice. I will dismiss as moot Mattingley's motion for recusal, (dkt. 99), Respondent's motion for waiver of attorney-client privilege, (dkt. 113), and Respondent's motion for an extension of time to respond to Mattingley's petition, (dkt. 115).

Entered this  30th  day of January, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE